United States District Court
Southern District of Texas

**ENTERED**
May 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARAFATE M., [1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-315 |
| | § | |
| WARDEN, PORT ISABEL SERVICE | § | |
| PROCESSING CENTER, *et al.*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITIONER'S HABEAS PETITION

Before the Court is Petitioner Arafate M.'s ("Petitioner") "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss for Failure to State a Claim" (Dkt. No. 14) ("MTD").

Because Petitioner's claim of excessive detention is premature, it is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) **GRANT** the MTD (Dkt. No. 14), and (3) **DIRECT** the Clerk of Court to close the case.

### I. Background and Procedural History

Petitioner is a native and citizen of Togo, currently held at the Port Isabel Service Detention Center. Dkt. No. 14-1 at 2. On July 15, 2025, an Immigration Judge ordered him removed, Dkt. No. 1 at 2 ¶ 6. Petitioner appealed timely. Dkt. No. 1 at 2 ¶ 7. On January 21, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal, Dkt. No. 1 at 2 ¶ 7. On February 1, 2026, Petitioner appealed the BIA's decision to the Ninth Circuit Court of Appeals. Dkt. No. 1 at 5.[2] The Ninth Circuit imposed a temporary stay of

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] The facts provided by Petitioner indicate Petitioner has been detained in South Texas since January of 2025. Dkt. No. 1-1 at 2. The BIA's opinion indicates that the appeal came from "a Decision of the Immigration Court, Los Fresnos, TX." Dkt. No. 14-1 at 2. Respondents contend that the Ninth Circuit does not have jurisdiction over this case. Dkt. No. 14 at 5.

Petitioner's removal under a general order on February 27, 2026. *See* Case 26-759, Dkt. No. 10. Respondents represent that the Office of Immigration Litigation has requested the Ninth Circuit Court of Appeals transfer the case to the Fifth Circuit Court of Appeals and lift the stay of removal. Dkt. No. 14 at 5. Petitioner filed the instant habeas petition on March 17, 2026. Dkt. No. 1.

The Petition alleges that there is no end in sight to Petitioner's current detention. Dkt. No. 1 at 6. [3] Petitioner points to the pending case before the Ninth Circuit, alleges it will take several more months or even longer before the Circuit Court renders a decision, and Petitioner argues this detention period will add to what has been over 14 months of detention. *Id.* [4]

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it "determines…that it lacks subject-matter jurisdiction," it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). One "essential component[]" of "federal subject-matter jurisdiction" is "ripeness." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). For a court to exercise jurisdiction, then, the case "must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).

## III.    Discussion

Because Petitioner has not been detained for over six months since his removal order became final, *see* Dkt. No. 1 at 2 ¶ 7, his claim is premature.

---

[3] The Court notes that, even under a liberal construction of Petitioner's claims, the other stated grounds encompass not grounds for relief, but arguments concerning Petitioner's danger (or lackthereof) to the community and flight risk assessment.

[4] The Court notes these 14 months include the period of time in which removal proceedings were ongoing as well as the period of time following his final order of removal.

2

Once a removal order becomes final,[5] 8 U.S.C. § 1231 ("§ 1231") authorizes detention of the alien to effectuate removal under two provisions. In the first 90 days (otherwise known as the "removal period"), 8 U.S.C. § 1231(a)(1), the "Attorney General shall detain the alien" under 8 U.S.C. § 1231(a)(2). Once the removal period ends, the source of authorization shifts to § 1231(a)(6), which states that the alien "may be detained" by the Attorney General "beyond the removal period." 8 U.S.C. § 1231(a)(6). To ensure § 1231(a)(6) would not lead to constitutionally excessive detention, the Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) construed it to have an implied limit: authorization of detention under § 1231(a)(6) would run out when continued detention "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. The Court, however, also understood that a reasonableness standard, standing alone, would risk too much judicial interference with the Executive's "primacy in foreign policy matters." *Id.* at 701. The Court thus found it "practically necessary" to "limit" its new standard by recognizing a "presumptively reasonable period of detention" of "six months." *Id.*

Pieced together, the *Zadvydas* framework slots claims challenging post-final-removal-order detention into two phases:[6] 1) a six-month period where the statute

_____

[5] A removal order becomes "administratively final" under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

[6] Some district courts in this circuit remain skeptical of this tidy two-phase scheme. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (S.D. Tex. 2020); *Villanueva v. Tate*, 801 F. Supp. 3d 689 (S.D. Tex. 2025). They, like Petitioner, suggest that *Zadvydas* prescribes a (rebuttable) presumption of reasonableness during those first six months—and does not, in effect, proscribe claims brought before that period elapses. *See, e.g., Villaneuva*, 801 F. Supp. at 703. Admittedly, *Zadvydas* is not precise about what its presumption means for the first six months. *Zadvydas*, 533 U.S. at 701. But the formulation offered by the Court in and after that case only contemplates petitioners proving their detention is unreasonable after the six-month period ends. *Id.* at 701 ("*After* this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing") (emphasis added); *Clark*, 543 U.S. at 378 ("*after* that [presumptive period], the alien is eligible for conditional release if he can demonstrate…") (emphasis added); *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (same). The Fifth Circuit, though not settling the issue, has issued strong signals of its own. It has described the timing of *Zadvydas* claims in the same terms, *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Hersh v. United States ex rel. Mukasey*, 553 F.3d 743, 757 (5th Cir. 2008), approved of district courts dismissing

3

constitutionally authorizes detention (and *Zadvydas* claims are thus not viable); and 2) a period "after that," in which the alien can seek conditional release under *Zadvydas* "if he can demonstrate there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Clark v. Martinez*, 543 U.S. 371, 378 (quoting *Zadvydas*, 533 U.S. at 701). If a petitioner seeks release from detention in the first phase—the presumptively reasonable period—his or her claim is not yet ripe.[7] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011); *see also Kakhidze v. Venegas*, No. 1:25-cv-00136, 2025 WL 2412854, at \*3 (S.D. Tex. July 30, 2025), *report and recommendation adopted*, 2025 WL 2411229 (S.D. Tex. Aug. 20, 2025).

Petitioner acknowledges that there is an order of removal, Dkt. No. 1 at 2 ¶ 6, and that his appeal of that order was dismissed by the BIA, "on January 21, 2026," Dkt. No. 1 at 2 ¶ 7, which would make his removal order final on that same date. *See* 8 U.S.C. § 1101(a)(47)(B). These facts show Petitioner is, at most, a little over three months into the initial six-month period of presumptively valid detention.

The Government contests that Petitioner has frustrated DHS's ability to execute his final order of removal by filing for review of his immigration case to the Ninth Circuit Court of Appeals, which the Government contends lacks jurisdiction over Petitioner's case. The Court declines to find whether tolling is appropriate in the instant case, because whether or not the Court tolls the time, Petitioner's claim is not yet ripe under *Zadvydas*.

Ultimately, the Petitioner's claims are not yet ripe, and the Court therefore lacks subject matter jurisdiction to hear this case.

---

*Zadvydas* claims as "premature" when made during the presumptive period, *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam); *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam), and itself found a *Zadvydas* claim to be "premature" for the same reason. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

[7] Whether a claim of unreasonably prolonged detention is offered in statutory or constitutional terms, the result is the same: it is "presumptively *constitutional* for an alien to be detained for six months after a final order of removal." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (emphasis added), and a constitutional challenge to prolonged detention fails unless it meets the standard set by *Zadvydas*. *See Andrade v. Gonzales*, 459 F. 3d 538, 543 (5th Cir. 2006).

## IV.    Recommendation

It is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1),[8] (2) **GRANT** the MTD (Dkt. No. 14), and (3) **DIRECT** the Clerk of Court to close the case.

## V.    Notice to the Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 6, 2026.

Karen Betancourt
United States Magistrate Judge

---

[8] Because dismissal for lack of subject matter jurisdiction is without prejudice, Petitioner may file another habeas petition once his claims are ripe. *See Ruiz v. Brennan*, 851 F. 3d 464, 472 (5th Cir. 2017).